**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4332**

UNITED STATES OF AMERICA,

>          Plaintiff - Appellee,

>     v.

SAUNDRA LUCILLE WHITE, a/k/a Lucille Parrish-White, a/k/a L. Saundra White, a/k/a L. Saundra Parrish White, a/k/a Lucille S. White, a/k/a Lucille P. White, a/k/a Lucille Parrish, a/k/a Saundra L. Parrish,

>          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:13-cr-00436-DKC-1)

Submitted:  June 12, 2025                                    Decided:  June 16, 2025

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James Wyda, Federal Public Defender, Paresh S. Patel, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saundra Lucille White appeals the judgment of the district court finding that she violated a special condition of supervised release and continuing her term of supervision.[1] We affirm.

We review a district court's factual findings in determining a violation of supervised release for clear error and its decision on the consequences for the violation for abuse of discretion. *Cf. United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (providing standard of review for supervised release revocation proceedings). White does not challenge the decision to continue her supervised release. Therefore, the only issue before us is whether the district court clearly erred in finding that White violated the mental health special condition of supervised release.

The evidence presented at the violation hearing established that the probation officer met with White on June 23, 2023, and reviewed with her the conditions of supervised release, including a special condition requiring her to participate in a mental health treatment program that could include evaluation, testing, and counseling. White informed the probation officer that she opposed the mental health special condition, and she wrote on the copy of the criminal judgment provided to her by the probation officer that she opposed all the special conditions of supervised release and planned to file a motion regarding her compliance with them.     However, she did not file a motion.     On

---

[1] Although the district court did not revoke White's supervised release, her appeal is justiciable because a district court may consider a defendant's history of violating the terms of supervised release in deciding the sentence for a subsequent supervised release violation. *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015).

August 10, 2023, the probation officer contacted White, who confirmed that she would not comply with the special condition regarding mental health treatment. Six days later, the probation officer filed a Petition on Supervised Release charging three violations, including failure to comply with the mental health condition.[2] After the probation officer filed the petition, White was appointed counsel and began complying with the special condition, undergoing a mental health evaluation[3] and participating in counseling.

We "may not reverse a lower court's finding of fact [for clear error] simply because [we] would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). On the record before us, we conclude that the district court did not err in finding that a preponderance of the evidence established that, for a period of time, White violated the special condition of supervised release by refusing to participate in a mental health treatment program. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding that supervised release violation "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt").

---

[2] The Government subsequently withdrew one of the charged violations, and the district court found that White did not commit the other charged violation.

[3] The probation officer did not schedule White's mental health evaluation until after filing the Petition on Supervised Release. White testified that she thought she did not have to participate in mental health treatment until after she was evaluated. The district court opined that for the probation officer to schedule an evaluation after White twice expressed her refusal to comply with the special condition would have been "a folly." (J.A. 122).

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*